# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LARRY DEAN JONES,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Petitioner. | No. C06-3090-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION TO VACATE SENTENCE AND JUDGMENT PURSUANT TO 28 U.S.C. § 2255** |

## *I. INTRODUCTION AND BACKGROUND*

On February 24, 2005, an indictment was returned against petitioner Larry Dean Jones, Jr., charging petitioner with possessing with intent to distribute 61.9 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851. Petitioner Jones was given notice in the indictment that the government might seek a minimum mandatory sentence of twenty years imprisonment due to petitioner Jones's prior drug felony conviction. On April 19, 2005, the government gave petitioner Jones express notice of its intent to seek a minimum mandatory sentence of twenty years imprisonment due to petitioner Jones's prior drug felony conviction. On August 24, 2005, the government proposed by letter an informal proffer of information by petitioner Jones. On August 25, 2005, petitioner Jones debriefed and admitted selling at least 1,294 grams of methamphetamine ice. On September 21, 2005, petitioner Jones entered into a plea agreement with the government in which the parties stipulated to a base offense level of 38, a three level reduction for acceptance of responsibility, and a sentence enhancement

due to petitioner Jones's prior felony drug conviction.

On September 21, 2005, petitioner appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count of 1 of the indictment. On this same date, Judge Zoss filed a Report and Recommendation in which he recommended that petitioner's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The court accepted Judge Zoss's Report and Recommendation and accepted petitioner Jones's plea of guilty in this case to Count 1 of the indictment on October 7, 2005.

On December 15, 2005, petitioner Jones was sentenced to 240 months imprisonment. Petitioner Jones did not appeal his sentence or his conviction. Instead, petitioner Jones filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his motion, Jones challenges the validity of his conviction on the ground of ineffective assistance of his counsel. Specifically, petitioner Jones contends that his counsel was ineffective in advising him to cooperate with the government in order to attempt to obtain a reduced sentence for substantial assistance.

## II. LEGAL ANALYSIS
### A. Standards For Relief Pursuant To § 2255

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such

> sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Jones v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1346 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that

3

its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Jones*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'"), *cert. denied*, 126 S. Ct. 2341 (2006) (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

## B. Ineffective Assistance Of Counsel

The underlying merits of petitioner Jones's claim lie in whether petitioner Jones can demonstrate ineffective assistance of his counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal petitioner is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, the court will address petitioner Jones's specific claim after briefly reviewing the standards for a claim of ineffective assistance of counsel.

### 1. Applicable standards

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *Ledezma-Rodriguez*, 423 F.3d at 836 (quoting *Saunders v. United States*, 236

5

Case 3:06-cv-03090-MWB   Document 4   Filed 09/19/07   Page 5 of 9

F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong,

the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the petitioner to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). The court will now consider petitioner Jones's specific claim of ineffective assistance of counsel.

### 2. *Claim of ineffective assistance at issue here*

Petitioner Jones contends that his counsel was ineffective in erroneously advising him to plead guilty and cooperate with the government in order to attempt to obtain a reduced sentence for substantial assistance. On April 19, 2005, the government gave petitioner Jones express notice of its intent to seek a minimum mandatory sentence of twenty years imprisonment due to petitioner Jones's prior drug felony conviction. Thus, it is clear that petitioner Jones knew that he was facing a minimum mandatory sentence of twenty years at the time that he decided to cooperate and debriefed. Petitioner Jones's counsel believed that the chances of petitioner Jones receiving less than the twenty year minimum mandatory sentence were better if he cooperated than if he proceeded to trial.

Petitioner Jones does not assert that the government could not establish each and every element of the charged offense. Nor does petitioner Jones contest that he was subject to a minimum mandatory sentence of twenty years imprisonment due to his prior

7

drug felony conviction. Thus, if petitioner Jones had not cooperated with the government, but rather had proceeded to trial and been found guilty, he would have received, at minimum, the same twenty year minimum mandatory sentence he actually received. In order to establish prejudice, petitioner Jones is required to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, because defendant Jones was only sentenced to the minimum mandatory sentence of twenty years imprisonment after he cooperated and debriefed, he has not demonstrated that he was prejudiced by his counsel's advising him to cooperate with the government since the outcome of his sentencing was no worse than if he had proceeded to trial and been found guilty. Therefore, petitioner Jones's § 2255 motion is denied.

### C. Certificate Of Appealability

Petitioner Jones must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that petitioner Jones's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). With respect to petitioner Jones's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III. CONCLUSION

Petitioner Jones's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 19th day of September, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA